# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL ACTION 10-00100-KD |
| | ) |
| DAVID LEE RILEY, | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on Defendant David Lee Riley's Unopposed Brief and Memorandum of Law Pursuant to 28 U.S.C. § 2255, which the Court construes as a motion to vacate, set aside or correct sentence (Doc. 125),[1] and the Government's response thereto (Doc. 126). Upon consideration, and for the reasons set forth herein, Petitioner's motions are due to be **GRANTED**.

## I. Procedural Background

On July 20, 2010, Defendant pled guilty to conspiring to possess crack cocaine with intent to distribute in violation of 21 U.S.C. § 846. (Doc. 38). As a consequence of the fact that he was held accountable for 21.62 grams of crack cocaine, Defendant faced a mandatory minimum imprisonment term of five years under the statutory scheme in place at the time of his

---

[1] Though Defendant has filed only a memorandum of law without also filing a properly styled motion, it is clear to the Court that Defendant intended for his brief to be construed as a collateral attack on his sentence. See Doc. 125 at 1 ("Riley requests relief *by way of this § 2255* from this Honorable Court pursuant to Dorsey" (emphasis added)); id. at 3 ("Riley . . . requested that counsel file *this § 2255* seeking Dorsey relief on his behalf."). The Court's understanding is apparently shared by the Government, which referred to Doc. 125 in its response as "Riley's counseled 28 U.S.C. § 2255 motion." (Doc. 126 at 1). Because the Court is merely accepting Defendant's incomplete submission as the § 2255 motion that it purports to be, it is not necessary to issue Defendant any of the prophylactic warnings prescribed in Castro v. United States, 540 U.S. 375 (2003). Nonetheless, the Court notes that defense counsel warned Defendant that her filing a § 2255 on his behalf would raise only the issue of Dorsey error, that Defendant would be barred thereafter from filing a second or successive § 2255 petition without authorization, and that Defendant asked counsel to proceed accordingly. (Doc. 125 at 3).

offense. See 21 U.S.C. 841(b)(1)(B)(iii) (2006) (prescribing term of imprisonment of not less than five years and no more than 40 years if defendant's offense involves five grams or more of a mixture or substance containing cocaine base). At a sentencing hearing held on January 21, 2011, the Court sentenced Defendant to the statutory minimum term of 60 months. (Doc. 95).

**II.     Legal Context**

The Court recently summarized the pertinent legal context in United States v. Wilburn, Nos. 10-00087-KD & 10-00188-KD, 2012 WL 2838251, at *1-2 (S.D. Ala. July 10, 2012). The highlights are these: Congress enacted the Fair Sentencing Act of 2010 ("FSA") on August 3, 2010. The FSA sought to reduce the disparity between federal criminal penalties for crack cocaine and powder cocaine offenses by increasing the drug quantities necessary to trigger the statutory minimums. Last month, the United States Supreme Court held that the FSA's new mandatory minimum sentencing provisions to all sentencings on or after August 3, 2010, regardless of when the offense conduct took place. See Dorsey v. United States, 132 S. Ct. 2321 (2012).

**III.    Conclusion**

The FSA applies to Defendant, who was sentenced after the FSA's enactment. The crack cocaine quantity for which Defendant is accountable fails to trigger a post-FSA statutory minimum. See 21 U.S.C. § 841(b)(1)(B)(iii) (2006 & Supp. V 2011) (prescribing no mandatory minimum for offenses involving less than 28 grams of crack cocaine). Accordingly, Defendant's motion to vacate, set aside or correct sentence (Doc. 125) is **GRANTED**, and the sentence previously imposed is hereby **VACATED**.

Whereas Defendant has waived his right to appear for a resentencing hearing (Doc. 125 at 5), whereas Defendant and the Government jointly recommend that Defendant be resentenced

at the low-end of the applicable advisory guideline range[2] (Doc. 125 at 5; Doc. 126 at 1), and whereas the Court finds after consideration of the factors set forth in 18 U.S.C. § 3553(a) that a sentence at the low-end of the advisory guideline range addresses the seriousness of the offense and the sentencing objectives of punishment, deterrence, and incapacitation, Defendant is hereby **RESENTENCED** to a term of imprisonment of **46 months**.

The Clerk of Court is **DIRECTED** to enter forthwith an Amended Judgment in accordance with the foregoing.[3]

**DONE** and **ORDERED** this **10th** day of **August 2012**.

/s/ Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] Because Defendant is accountable for 21.62 grams of crack cocaine and 75.7 grams of marijuana, his post-FSA and post-Amendment 750 base offense level is 22. U.S. Sentencing Guidelines Manual § 2D1.1(c)(9) (2011). Defendant did not receive any Chapter 3 adjustments at sentencing, and none are applied now. (Docs. 87 & 97). Defendant has three criminal history points, which corresponds to a criminal history category of II. (Id.). The advisory guideline range for an offender with an offense level of 22 and criminal history category of II is 46-57 months. U.S. Sentencing Guidelines Manual ch. 5, pt. A (2011).

[3] But for the length of Defendant's term of imprisonment, all provisions of the original Judgment shall remain in effect.